606 A.2d 427

Francis TULEWICZ, Administrator of the Estate
of Jane R. Tulewicz, Deceased, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY, Appellee.

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1990.

Reargued Oct. 21, 1991.

Decided March 17, 1992.

590

Stanley B. Gruber, Philadelphia, for appellant.

David P. Bruton, Alfred W. Putnam, Jr., Philadelphia, for appellee.

## OPINION

McDERMOTT, Justice.

By order and opinion dated March 3, 1991, this Court reversed the Superior Court's determination that a jury award, totalling $2,750,000.00 rendered in consolidated wrongful death and survival actions, was excessive. Within the time period prescribed by Rule 2542 of the Pennsylvania Rules of Appellate Procedure appellee made application for reargument, alleging for the first time that it was protected by a grant of immunity which predated the underlying accident. Reargument was granted, thus necessitating this opinion.

As the record discloses the decedent, Jane F. Tulewicz, was struck by one of appellee's buses on January 4, 1979, and ultimately succumbed on January 16, 1979, without regaining consciousness. Letters of administration were issued to her husband, Francis Tulewicz, who filed multiple

actions which were consolidated for trial. Verdicts were returned by the jury in the amount of $2,500,000.00 under the Wrongful Death Act[1] and $250,000.00 under the Survival Act.[2] Both verdicts were decreased by the amount of negligence attributable to the decedent and then molded in order to reflect damages for delay pursuant to Rule 238. Thereafter, SEPTA filed post-trial motions with only one being granted, to wit, its motion for remittitur as to the survival action. The trial court reduced by $100,000.00 the jury's verdict in the survival action.

On appeal to the Superior Court the size of the wrongful death verdict was contested, along with other issues not here relevant. The Superior Court agreed with SEPTA and entered an order granting a new trial on the damages portion of the wrongful death action. 385 Pa.Super. 665, 555 A.2d 255. We granted allocatur to determine whether the Superior Court erred in this regard and concluded that it had. *Tulewicz v. SEPTA*, 529 Pa. 584, 606 A.2d 425 (1991). In so stating we made reference, in footnote 4 of our opinion, to the fact that SEPTA had claimed that its damages should be limited to the statutory cap as contained in 42 Pa.C.S. § 8528(b). We noted that this section was inapplicable to this case since that cap did not become effective until December 5, 1980, whereas this accident occurred on January 4, 1979.[3]

In its petition for reargument SEPTA argued for the first time that the grant of immunity upon which it relied was not that contained in 42 Pa.C.S. § 8522(a),[4] the section cited in their prior filings, but rather under 42 Pa.C.S. § 5111,[5] Act No. 1978–152, P.L. 788, which *was* in existence at the time of the accident. SEPTA argued that it was entitled to claim protection under the above statutory au-

1. 42 Pa.C.S. § 8301.
2. 42 Pa.C.S. § 8302.
3. We note that the trial judge in this case dismissed SEPTA's argument on the same rationale.
4. Act of October 5, 1980, P.L. 693, No. 142.
5. Repealed by Act of October 5, 1980, P.L. 693, No. 142.

thority, and that its failure to raise this defense until it petitioned for reargument was not fatal since the defense is non-waivable. We granted SEPTA's petition for reargument to address this issue.

In support of its position SEPTA has cited two of our recent decisions which involved the non-waivability of certain defenses. The first case involved the employer's defense of Worker's Compensation as a bar to an action by an employee against an employer, *LaFlar v. Gulf Creek Industrial Park*, 511 Pa. 574, 515 A.2d 875 (1986); the other involved the non-waivability of the protections of the Sovereign Immunity Act as stated in the case of *In re Upset Sale*, 522 Pa. 230, 560 A.2d 1388 (1989).

The latter case, which involved an action by a purchaser at a tax sale to recover damages against the taxing authority, is directly on point. There a property was purchased at a tax sale. However, due to the failure of the taxing authority to give proper notice to the owner, the sale was voided. The purchasers brought suit claiming damages for loss of interest on the amounts they borrowed to buy the property at the sale and were successful at both the trial court and Commonwealth Court levels. The taxing authority raised the defense of immunity for the first time in its petition for allowance of appeal, alleging therein that this defense could not be waived regardless of when it was raised. In relevant part this Court stated:

> "The tax claim unit has raised their governmental immunity for the first time on appeal. They claim they are not only immune but that their immunity is not waivable, even if they negligently failed to do so before. Perhaps here is one reason their immunity cannot be waived; a governmental agency cannot be put at the mercy of negligent or agreed waiver by counsel of a substantive right designed to protect its very existence. Such negligence can spread, pebble in a pond, until the governmental agency would be engulfed in a tidal wave of liability ... The defense of governmental immunity is an absolute defense, directly analogous to our holding in

workmen's compensation cases and is not waivable ... nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. [Citations omitted.] 522 Pa. at 232, 560 A.2d at 1389.

Based upon our holding in *In re Upset Sale, id.* we must agree with SEPTA that the defense of immunity is non-waivable.[6] This, however, does not end our inquiry, for appellant has argued that despite the specific grant of immunity contained in Act No. 1978–152, it is nonetheless inapplicable to metropolitan transportation authorities. It is appellant's position that the former statute, by its clear terms, applied only to the Commonwealth, as opposed to agencies created pursuant to authority of the Commonwealth. We disagree.

We start our analysis by noting that in *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986), we held that SEPTA, by virtue of its enabling legislation, qualifies as a Commonwealth agency. We are not being asked to revisit that question here and thus SEPTA's status as an agency of the Commonwealth is resolved: the question then becomes whether the now repealed statute was applicable to Commonwealth agencies.

We now turn to the competing statutes involved for an examination of their relevant terms. The relevant portion of Act 1978–152, provided:

"a) Amount recoverable. No verdict or verdicts against *the Commonwealth* on actions brought pursuant to § 5110 (relating to limited waiver of sovereign immunity) arising from the same cause of action or transaction or

6. The appellant has argued that our holding in *In re Upset Sale* is of questionable authority due to our recent decision in *Walsh v. City of Philadelphia*, 526 Pa. 227, 585 A.2d 445 (1991), where it was implied in footnote 3 that the defense of immunity had been waived. However, since the injury in *Walsh* was determined to fall within the "Real property" exception to the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542, the issue of the City's failure to pursue the immunity defense was not in issue, and the Court's comments therein were merely dicta.

occurrence or series of causes of actions or transactions or occurrences shall exceed $250,000.00 in favor of any plaintiff or $1 million in the aggregate." [emphasis supplied]

42 Pa.C.S. § 5111(a) (repealed). By contrast the amended Act provides:

"Actions against Commonwealth Parties"

"(b) Amount recoverable. Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000.00 in favor of any plaintiff or $1 million in the aggregate."

42 Pa.C.S. § 8528(b). The appellant encourages a literal reading of the former statute, thereby limiting the cap's applicability to only those actions directed against the Commonwealth, *per se,* and cites in support of his argument the fact that the amended statute specified "Commonwealth Parties." We reject this argument for the following reasons.

Section 5110 of Act No. 1978–152, in relevant part, provided:

The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the following instances only and only to the extent set forth in this section and within the limits set forth in section 5111 (relating to limitations on damages), sovereign immunity as a bar to an action against *Commonwealth agencies,* and their officials and employees acting within the scope of their duties, for damages arising out of a negligent act or omission ...

42 Pa.C.S. § 5110 (repealed). Thus, when the two sections are read together,[7] it is apparent that the Act was intended to cover "Commonwealth agencies." Therefore, given our holding in *Feingold, id.,* SEPTA is entitled to rely on the

7. *See* 1 Pa.C.S. § 1921(a). See also, *Consulting Engineers Council of Pennsylvania v. State Architects Licensing Board,* 522 Pa. 204, 208, 560 A.2d 1375, 1377 (1989).

limitation of damages cap to the same extent as would the Commonwealth.[8]

■ SEPTA next argues that if the cap is determined to apply then the recovery in this case should be limited to $250,000.00, since according to the Act under which SEPTA is seeking protection, verdicts and causes of actions arising from the same transaction or occurrence shall be aggregated and that said aggregation should not exceed the cap for "any plaintiff." 42 Pa.C.S. § 5111 (repealed).

SEPTA's argument is based on its characterization that there is only one plaintiff involved in this case, that being the personal representative of the estate. It is appellant's converse position that actions brought by relatives under the Wrongful Death Act and by the estate of the decedent under the Survival Act, are actions brought by distinct plaintiffs regardless of the fact that the same person may be championing each one. For the following reasons we reject the position tendered by SEPTA.

■ An action for wrongful death may be brought by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death. 42 Pa.C.S. § 8301(d); Pa.R.Civ.P. 2202(a). The damages recovered are not part of decedent's estate, but rather are compensation to individual members of the family for their loss. It is an action unknown to the common law. *Miller v. Preitz*, 422 Pa. 383, 221 A.2d 320 (1966), overruled on other grounds, *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 (1968).

8. The appellant additionally argues that the damage cap as contained in Act No. 1978–152, if applied to SEPTA, is violative of the equal protection clauses set forth in the 14th Amendment to the United States Constitution and Article I, Section 26 and Article III, Section 32 of the Pennsylvania Constitution and further argues that since SEPTA was directed to self insure that the General Assembly did not intend it to be covered by the statute. These arguments have been previously considered and rejected. *Marshall v. Port Authority of Allegheny County*, 524 Pa. 1, 568 A.2d 931 (1990); *Toombs v. Manning*, 835 F.2d 453 (3d Cir.1987); *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986).

 A survival action, on the other hand, is not a new cause of action but one which "merely continues in [the decedent's] personal representatives the right of action which accrued to the deceased at common law because of the tort." *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942); 42 Pa.C.S. § 8302. The damages here are measured by the pecuniary loss to decedent. *Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1956).

 By virtue of Pa.R.Civ.P. 213(e) the two causes of action may be enforced in one action, and if independent actions are commenced they *must* be consolidated for trial. However even though the two actions have been consolidated, a jury must bring in a separate verdict for each cause of action. Feldman, *Pennsylvania Trial Guide* § 33.6. In addition, actions for damages under the two acts are cumulative, not alternative, and are not to overlap or result in duplication of damages. *Pezulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942). See generally *Schwab v. P.J. Oesterling & Son, Inc.,* 386 Pa. 388, 126 A.2d 418 (1956).

 In summary, the two actions are designed to compensate two different categories of claimants: one, the spouse and/or members of the family for their loss;[9] two, the decedent through the legal "person" of her estate. Given these distinct categories and distinct classes of claimants, we are not persuaded by SEPTA's argument that the bringing of the two causes of action by one named person,

9. We cannot accept appellant's assertion that separate limitation of damage caps should apply to the beneficiaries, appellant and his daughter, as plaintiffs under the wrongful death portion of the complaint. Rule 2202(a) of our Rules of Civil Procedure clearly provides that it is only the personal representative of the decedent who may maintain an action for wrongful death for the benefit of those persons entitled by law to recover damages for such wrongful death. Failing the filing of suit within six months following death, the action may be brought by the personal representative or by any person entitled by law to recover such damages, as trustee *ad litem* on behalf of all persons entitled to share in the damages. *Id.* Pa.R.C.P. 2202(b). The claimants are given by statute the right to recover damages, which right was denied them under the common law. That statutory grant did not convey upon them the right to maintain separate suits as co-party plaintiffs. For this reason appellant's argument must fail.

the administrator herein, subjects the respective parties to the $250,000.00 aggregate damage limitation cap. Therefore, separate damage caps should apply to each cause of action.[10]

■ SEPTA next argues that delay damages pursuant to Rule 238 of our Rules of Civil Procedure are not authorized under the Sovereign Immunity Act and that this Court's rule-making authority does not extend to the imposition of damages where the General Assembly, in the exercise of its constitutional power, has not included such damages in the limited statutory waiver.

This issue was decided in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), appeal dismissed, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982). There we determined that Rule 238 damages are procedural in nature and that the power to promulgate procedural rules governing business in the courts rests exclusively in the judiciary, PA. CONST., Art. V, § 10(c). We also determined that the same constitutional provision suspends the operation of statutes which are inconsistent with procedural rules promulgated by this Court. Consequently, we dismiss SEPTA's challenge on this claim.

Accordingly, this matter is remanded to the trial court for proceedings consistent with this opinion.

LARSEN, J., files a dissenting opinion in which PAPADAKOS and CAPPY, JJ., join.

LARSEN, Justice, dissenting.

If the statutory limitation on damages against Commonwealth agencies were a viable issue in this case, I would

---

**10.** SEPTA has argued that the "verdicts" language contained in Act No. 1978–152 § 5110 which provides "No verdict or verdicts ... shall exceed $250,000.00 in favor of any plaintiff or $1,000,000.00 in the aggregate", should be read to limit recovery in those instances where there are separate verdicts to $250,000.00. We feel that this is not the meaning intended and that the term "verdicts" was intended by the General Assembly to apply to the $1,000,000.00 limit where there are separate claims and verdicts involving more than one plaintiff or claim.

agree with the majority that there are two distinct claimants in this action who may recover damages to the extent of separate statutory caps, and that delay damages may be assessed against appellee SEPTA. Accordingly, I join in those parts of the majority opinion which address these issues.

Because I find, however, that the issue of the statutory limitation on damages against Commonwealth agencies is not viable herein, I dissent. The majority, without comment, has reduced the doctrine of res judicata to a quaint anachronism; thus, henceforth, the law of res judicata need not concern courts and litigants in this Commonwealth. Conclusive and final judgments no longer exist as between parties, in that losing parties can now raise any "nonwaivable" question on collateral review as well as on direct appeal.

When we granted the petition for allowance of appeal filed by appellant, Francis Tulewicz, Administrator, we denied SEPTA's cross-petition for allowance of appeal wherein SEPTA raised, among other matters, the issue of its waiver of the applicability of the statutory limitation on damages against Commonwealth agencies.[1] SEPTA did not file an application for reconsideration of that order. Thus, as to the parties herein and the issues SEPTA raised in its cross-petition for allowance of appeal, our order was a final order. The majority opinion is misleading where it implies that SEPTA preserved the statutory limitation on damages issue after we granted allocatur in the case. Maj. op. at 428. SEPTA attempted to use this issue as a response to the excessiveness issue raised by appellant, but the issue of a

1. The damages issue that was raised by appellant, Francis Tulewicz, Administrator, related solely to whether Superior Court had erred in finding that the damages awarded were excessive. Whether SEPTA had waived the application of the statutory cap on damages by failing to brief the issue in post-trial motions to the trial court is, beyond question, *not* an issue that is "fairly comprised therein." *See* Pa. R.App.P. Rule 1115(a)(3) ("... Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed.")

verdict's excessiveness in no way implicates the issue of whether a statutory immunity defense has been waived.

In *Helmig v. Rockwell Manufacturing Co.*, 389 Pa. 21, 29, 131 A.2d 622, 626, *cert. denied*, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957), this Court stated:

> [T]he rule of res judicata is, that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court.

An erroneous adjudication is res judicata in the absence of an appeal, but a void judgment is not. 20A P.L.E. Judgment § 251. If it was error to find that the statutory limitation on damages issue was waivable, that error, although regrettable, is res judicata as to SEPTA in that SEPTA did not seek this Court's reconsideration of that issue. If, however, this Court lacked jurisdiction of the subject matter or of the person in this controversy, then our order was null and void and subject to collateral attack at any time. *See Commonwealth v. Howard*, 138 Pa.Super. 505, 10 A.2d 779 (1940).

Clearly, this Court did not lack jurisdiction of the subject matter or of the person in this case. Jurisdiction refers to the competency of a court to determine controversies of the general class to which a case presented for its consideration belongs, and to bind the parties to the litigation by its adjudication, regardless of whether the court can grant the relief requested due, for example, to questions concerning a defendant's immunity. *See In re Jones & Laughlin Steel Corp.*, 488 Pa. 524, 412 A.2d 1099 (1980); *Vendetti v.*

*Schuster,* 418 Pa. 68, 208 A.2d 864 (1965); *County Const. Co. v. Livengood Const. Corp.,* 393 Pa. 39, 142 A.2d 9 (1958); and *De Waele v. Metropolitan Life Ins. Co.,* 358 Pa. 574, 58 A.2d 34 (1948); *see also Cain v. Macklin,* 663 S.W.2d 794 (Tenn.1984) (issue of governmental immunity is not a jurisdictional matter and can be waived for purposes of collateral review if not properly raised and preserved).

The majority cites *In re Upset Sale,* 522 Pa. 230, 560 A.2d 1388 (1989), to support its holding that the issue raised by SEPTA herein is non-waivable. In that case, this Court *analogized* the governmental immunity defense to the issue of an employer's liability in workmen's compensation cases. We did not, however, find that the governmental immunity defense was a jurisdictional matter. Nor does the majority do so in the instant action.

Accordingly, as the matter does not raise a jurisdictional question, it is indisputable that SEPTA is absolutely precluded from raising the issue of its waiver of the applicability of the statutory limitation on damages against Commonwealth agencies on this collateral review. Thus, I would affirm our previous decision in the case, upholding the judgment entered by the Court of Common Pleas of Philadelphia County.

PAPADAKOS and CAPPY, JJ., join this dissenting opinion.