### The READING COMPANY

### v.

### The CITY OF PHILADELPHIA, et al.

### Civ. A. No. 91–2377.

United States District Court,
E.D. Pennsylvania.

Aug. 5, 1993.

128

Steven J. Engelmyer, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Albert G. Bixler, John F. O'Riordan, Philadelphia, PA, for plaintiff.

Kenneth J. Warren, Manko, Gold & Katcher, Bala Cynwyd, PA, Dennis Michael Abraham, Asst. City Sol., Patrick K. O'Neill, R. Matthew Pettigrew, Jr., Asst. City Sol., Philadelphia, PA, Marc L. Frohman, Manko, Gold & Katcher, Bala Cynwyd, PA, for City of Philadelphia.

Martina Bernstein, Morgan, Lewis & Bockius, Bradford F. Whitman, Reed, Smith, Shaw & McClay, Philadelphia, PA, Peter A. Glascott, County Sol., Doylestown, PA, Marilyn Heffley, Reed, Smith, Shaw & McClay, Philadelphia, PA, William C. Roeger, Jr., Asst. County Sol., Bucks County, Doylestown, PA, for County of Bucks.

Martina Bernstein, Morgan, Lewis & Bockius, Philadelphia, PA, John S. Halsted, Chester County Sol., West Chester, PA, Jami Wintz McKeon, Morgan, Lewis & Bockius, Philadelphia, PA, Marilyn Heffley, Reed, Smith, Shaw & McClay, Philadelphia, PA, for County of Chester.

William F. Holsten, II, Holsten & White, Media, PA, Paola F. Tripodi, Holsten & White, Media, PA, for County of Delaware.

Martina Bernstein, Jami Wintz McKeon, Morgan, Lewis & Bockius, Marilyn Heffley, Reed, Smith, Shaw & McClay, Philadelphia, PA, Frederic M. Wentz, Montgomery County Courthouse-Sol., Norristown, PA, for County of Montgomery.

Alan C. Gershenson, Roger F. Cox, Ann B. Laupheimer, Jerome R. Richter, Patrick J. McDonnell, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Southeast Pennsylvania Transp. Authority.

David Richman, Colleen F. Coonelly, Pepper, Hamilton & Scheetz, Janet L. Scagnelli, Philadelphia, PA, for Consolidated Rail Corp.

Beth Liss Shuman, Office of Chief Counsel, Bureau of Hazardous Sites, Harrisburg, PA, for Commonwealth of Pennsylvania, Department of Environmental Resources.

### MEMORANDUM AND ORDER

YOHN, District Judge.

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") has filed a motion for partial summary judgment on the ground that the doctrine of sovereign

immunity bars plaintiff's claims under Pennsylvania's Hazardous Sites Cleanup Act ("HSCA"), 35 Pa.Stat. §§ 6020.101–6020.1305 (1993). For the reasons explained below, the court denies SEPTA's motion.

## Discussion

 Summary judgment is appropriate if there exists. no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery*, 617 F.2d 992, 994 (3d Cir.1980). The court does not resolve questions of disputed fact, but simply decides whether there is a genuine issue of fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

 SEPTA is an agency of the Commonwealth of Pennsylvania and as such is afforded the protection of sovereign immunity as articulated under Pennsylvania law.[1] *See, Toombs v. Manning*, 835 F.2d 453, 463 (3d Cir.1987); *Tulewicz v. Southeastern Pennsylvania Transp. Authority*, 529 Pa. 588, 606 A.2d 427, 430 (1992).

Initially, the court must set out Pennsylvania's sovereign immunity law. The Pennsylvania statutes provide as follows:

§ 2310. Sovereign immunity reaffirmed; specific waiver

Pursuant to section 11 of Article I of the Constitution of Pennsylvania,[2] it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.

1 Pa.Cons.Stat.Ann. § 2310 (Supp.1992) (footnote added). As the Third Circuit noted, this "statute ensure[s] that all claims against the Commonwealth of Pennsylvania [will] be controlled by one statutory immunity scheme unless particular legislation specifically authorize[s] otherwise." *Toombs*, 835 F.2d at 457.

Pennsylvania's statutory immunity scheme is set forth at 42 Pa.Cons.Stat.Ann. §§ 8521–8528 (1982). In section 8522, the. General Assembly waives the sovereign immunity of Commonwealth parties in nine enumerated instances[3] involving "damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa. Cons.Stat.Ann. § 8522(a).

Both parties agree that HSCA claims do not fall within the ambit of the sovereign immunity waiver set forth in section 8522. The sole issue presented to the court in SEPTA's motion is a question of law—whether HSCA contains a specific waiver of sovereign immunity as required by section 2310. Because the court finds that HSCA specifically waives the Commonwealth's sovereign immunity, the court must deny SEPTA's motion for partial summary judgment.

---

1. The Eleventh Amendment does not protect SEPTA from suit in federal court. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 821 (3d Cir.1991). What is at issue in the instant motion is not whether SEPTA is entitled to Eleventh Amendment protection, but rather whether Pennsylvania's law of sovereign immunity protects SEPTA from HSCA claims.

2. This portion of the Constitution of Pennsylvania states that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. art. I, § 11.

3. The nine categories of acts that may impose liability on a Commonwealth party are: (1) vehicle liability, (2) medical-professional liability, (3) care, custody or control of personal property, (4) Commonwealth real estate, highways and sidewalks, (5) potholes and other dangerous conditions, (6) care, custody, or control of animals, (7) liquor store sales, (8) National Guard activities, and (9) toxoids and vaccines. 42 Pa.Cons.Stat. Ann. § 8522(b).

HSCA contains a specific waiver of sovereign immunity. The court reaches this conclusion via a two-step analysis.

First, HSCA repeatedly imposes liability on any "person" who engages in certain types of conduct. For instance, the statute states:

[A] **person** shall be responsible for a release or threatened release of a hazardous substance from a site when any of the following apply....

A **person** who is responsible for a release or threatened release of a hazardous substance from a site as specified in [35 Pa. Cons.Stat.Ann. § 6020.701] is strictly liable for the following response costs and damages ...

A **person** may seek contribution from a **responsible person** under [35 Pa.Cons. Stat.Ann. § 6020.701] during or following a civil action under [35 Pa.Cons.Stat.Ann. § 6020.507] or [35 Pa.Cons.Stat.Ann. § 6020.1101].

35 Pa.Stat. §§ 6020.701(a), 6020.702(a), 6020.-705(a). (emphasis added).

■ Second, the court focuses on the statute's definition of "person." HSCA defines "person" as follows:

An individual firm, corporation, association, ... **authority,** interstate body or other legal entity which is recognized by law as the subject of rights and duties. The term includes the Federal Government, **state governments** and political subdivisions.

35 Pa.Stat. § 6020.103 (emphasis added). Because SEPTA is both an authority and an agency of state government,[4] it falls within HSCA's definition of person.

■ Based on the two-step analysis above, the court concludes that HSCA specifically waives the Commonwealth's sovereign immunity. The one Pennsylvania case on point supports this conclusion.

In *Dresser Industries, Inc. v. Commonwealth, Dept. of Environmental Resources,* 146 Pa.Commw. 114, 604 A.2d 1177 (1992), a parcel of land owned by the Commonwealth was subject to certain mining leases under which Harbison–Walker, a division of Dresser Industries, operated. The parcel contained acid water seeps which were draining into the waters of the Commonwealth. Care of this site had been committed to the Bureau of State Parks, part of the Department of Environmental Resources ("DER").

Dresser Industries brought suit against DER under section 601 of the Clean Streams Law ("CSL"), 35 Pa.Stat. § 691.601(a), (c) (1993). DER raised the defense of sovereign immunity and the Commonwealth Court analyzed CSL to determine if the statute specifically waived the Commonwealth's sovereign immunity.

The Commonwealth Court concluded that CSL did in fact specifically waive sovereign immunity. The court reasoned as follows. Section 601(c) of CSL provides:

[A]ny person having an interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this act ... against the department where there is alleged a failure of the department to perform any act which is not discretionary ... or ... against any other person alleged to be in violation of any provision of this act....

35 Pa.Stat. § 691.601(c). Furthermore, the court noted that CSL's definition of the term "person" included "any agency, instrumentality or entity of Federal or State Government." 35 Pa.Stat. § 691.1. The Commonwealth Court concluded:

We certainly recognize this established principle [immunity must be specifically waived by the legislature], but such waiver is not confined to the specific words 'immunity is waived' and certainly includes words which permit a cause of action against a person, as does Section 601(c), and then includes in the definition of 'person' all agencies of the Commonwealth.

*Dresser,* 604 A.2d at 1182.

HSCA's structure also supports the court's conclusion that the statute specifically waives

---

4. The term "Commonwealth government" includes agencies and authorities. 42 Pa.Cons. Stat.Ann. § 102 (1981).

sovereign immunity. In a number of instances, HSCA expressly preserves the Commonwealth's sovereign immunity. These statutory provisions make no sense absent a general waiver of sovereign immunity.

For instance, an owner under the statute is exempt from liability if "[t]he owner is a government entity which acquired the site by escheat, through any other involuntary transfer or acquisition or through the exercise of eminent domain authority by purchase or condemnation." 35 Pa.Stat. § 6020.-701(b)(1)(vi)(B). Furthermore, the definition of owner or operator exempts "a unit of State ... government which acquired ownership or control involuntarily through bankruptcy, tax delinquency, abandonment or other circumstances in which the government involuntarily acquires title by virtue of its function as sovereign." 35 Pa.Stat. § 6020.103.

HSCA also specifically exempts Commonwealth employees from liability. It states:

> Persons employed by the Commonwealth shall not be held liable for a release of a hazardous substance or contaminant, or any other damages incurred, as a result of actions or omissions occurring when acting in their official capacity.

35 Pa.Stat. § 6020.702(d). HSCA also provides that:

> [n]o State agency or political subdivision shall be liable under this act for costs or damages as a result of actions taken by the State agency or political subdivision in response to a release or threatened release of a hazardous substance generated by or from a site.

35 Pa.Stat. § 6020.703(c).

Finally, HSCA provides as follows:

**§ 6020.511 Acquisition of real property**

**(a) General rule.**—The department [DER] may acquire, by purchase, lease, condemnation, donation or otherwise, real property or an interest in real property that the department, in its discretion, determines is needed to conduct a response action under this act. The department has no duty to acquire any interest in real property under this act.

**(b) Sovereign immunity.**—The Commonwealth shall not be liable under this act as a result of acquiring an interest in real estate under this section, nor shall anything in this act be construed as a waiver of sovereign immunity or a waiver under 42 Pa.Cons.Stat.Ann. § 8522 (relating to exceptions to sovereign immunity).[5]

35 Pa.Cons.Stat.Ann. § 6020.511 (footnote added).

The above provisions of HSCA are nonsensical absent a general waiver of sovereign immunity by the General Assembly. Under Pennsylvania rules of statutory construction, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.Cons.Stat.Ann. § 1921 (Supp.1993).

For the reasons explained above, the court denies SEPTA's motion for partial summary judgment.

---

**5.** SEPTA interprets section 6020.511(b) as specifically preserving sovereign immunity with respect to any type of claim under HSCA. The court disagrees with SEPTA's interpretation of this section. Under Pennsylvania rules of statutory construction, "[t]he headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.Cons.Stat.Ann. § 1924 (Supp.1993). To read section 6020.511(b) as a general preservation of sovereign immunity would be illogical given that the title of section 511 is "Acquisition of real property." Although the title of subsection (b) is "Sovereign immunity," the title of the subsection logically should be construed, not in a vacuum, but in the context of the entire scheme of section 6020.511, entitled "Acquisition of real property."