# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2056

GEICO ADVANTAGE INSURANCE CO.; GOVERNMENT EMPLOYEES INSURANCE CO.

v.

PAULA WETZEL; EDWIN WETZEL,
Appellants

_____

On Appeal from the U.S. District Court, E.D. Pa.
Judge Gerald A. McHugh, No. 2:24-cv-02554

Before: RESTREPO, BIBAS, and FISHER, *Circuit Judges*
Submitted: Apr. 20, 2026; Filed: Apr. 20, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Per-person limits in a car-insurance policy apply per person, not per legal cause of action. Three years ago, in Pennsylvania, Alexander Wetzel's car collided with another car because of the other driver's negligence, killing them both. The other driver's insurance paid Alexander's parents, Paula and Edwin Wetzel, the applicable policy limit.

The Wetzels also filed a claim under their own insurance policy with Geico Advantage for underinsured-motorist coverage, which covers bodily injury (including death) up to $100,000 per person. That policy was issued and delivered in Pennsylvania and has a Pennsylvania choice-of-law clause. In Pennsylvania, a fatal accident gives rise to both a wrongful-death action (for the surviving relatives) and a survival action (for the victim's estate). So

_____

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

the Wetzels claim that Geico should have to pay $100,000 in underinsured-motorist coverage for their wrongful-death claim plus another $100,000 for the survival claim. Geico says the $100,000 limit applies per person, not per claim. The District Court agreed with Geico, granting it summary judgment. Reviewing de novo, we will affirm. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

The Wetzels' insurance-policy language bars double-dipping: "The most we will pay for all damages including those for care or loss of services due to bodily injury to one person in any one accident is the limit shown in the Declarations for 'each person' applicable to the vehicle that the insured was occupying at the time of the accident." 2 App. 87 (emphasis removed). The underinsured-motorist limit shown on the Declarations Page is $100,000 for "Each Person." 2 App. 58. That language is clear: no more than $100,000 per person bodily injured in the accident. Though the Wetzels try to manufacture ambiguity, nothing about it is ambiguous.

To get around this cap, the Wetzels say there are two legal persons claiming damages, each of whom should get $100,000: Alexander's estate in the survival action, and separately the Wetzels as wrongful-death beneficiaries. They have, of course, been hurt by losing their son. But their wrongful-death claim is part of "all damages" deriving from Alexander's bodily injury. The policy language ties its damage limits not to the cause of action or claimants, but to "each person" bodily injured in each accident. Only Alexander was "bodily injured," so only he qualifies. Plus, Pennsylvania courts have repeatedly rejected efforts to expand insurance-coverage limits by multiple claimants seeking to recover for a single victim's bodily injuries. *See, e.g.*, *Smith v. Cassida*, 169 A.2d 539, 540–41 (Pa.

2

1961); *Vickodil v. Pa. Ins. Guar. Ass'n*, 514 A.2d 635, 637–38 (Pa. Super. Ct. 1986); *Koenig v. Progressive Ins. Co.*, 599 A.2d 690, 691–93 (Pa. Super. Ct. 1991). Most jurisdictions apply the per-person limit to wrongful-death claims. *See* 12 *Couch on Insurance* § 171:16 (3d ed. 2025).

In response, the Wetzels rely exclusively on a non-insurance case, but it is inapt. In that case, a bus hit and killed a woman. *Tulewicz v. SEPTA*, 606 A.2d 427, 428 (Pa. 1992). Her husband sued the bus company for both wrongful death and survival. *Id.* The bus company invoked a state sovereign-immunity statute that capped damages "arising from the same cause of action or transaction or occurrence or series of causes of actions or transactions or occurrences" at $250,000 per plaintiff or $1,000,000 aggregate. *Id.* at 430 (quoting 42 Pa. Cons. Stat. § 5111(a) (repealed)). The court applied that cap separately to each cause of action. *Id.* at 431. Yet that statute, unlike this insurance policy, pegged its limits to causes of action and plaintiffs, not injured persons. So that case does not apply, and we will AFFIRM.