645 A.2d 443

**Jeanette SANTORI, Administratrix of the
Estate of John Santori, Appellant,**

**v.**

**Vic SNYDER, Individually and Vic Snyder, Inc., and City of Philadelphia, and Finocchiaro Mechanical Excavation, Inc. and Joseph Genoese T/A Genoese Engineering & Construction Company and Boulevard Properties.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 1994.

Decided July 6, 1994.

---

506

Keith S. Erbstein, for appellant.

Alan C. Ostrow, Deputy City Sol., for appellee, City of Philadelphia.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

NEWMAN, Judge.

Jeanette Santori (Santori), Administratrix of the Estate of John Santori, appeals from the order of the Honorable G. Craig Lord of the Court of Common Pleas of Philadelphia County (trial court), which granted the motion for summary judgment of the City of Philadelphia (City) and dismissed the complaint and all crossclaims with prejudice as to the City only. We affirm the order of the trial court.

## FACTS

On September 30, 1988, John Santori was killed because of a cave-in at a construction site. At the time of his death he was an employee of defendant Vic Snyder, Inc., a plumbing contractor. He was working at the bottom of an excavation approximately twenty feet deep, attempting to repair a sewer line at the Parkview Apartments, 3901 Roosevelt Boulevard, Philadelphia, PA. The excavation was started approximately

ten days before the cave-in by defendant Finocchiaro Mechanical Excavation, Inc. (Finocchiaro). However, since Finocchiaro did not have the necessary equipment to excavate deep enough to reach the sewer line, Vic Snyder, Inc. hired another excavator, defendant Genoese Engineering & Construction Company (Genoese) to finish the job.

A City inspector was at the excavation site at least three times. Finocchiaro's operator, Russell Ganues, testified that Inspector George Miller was there on September, 19, 1988, when the hole was only six feet deep. At that time Inspector Miller told Finocchiaro's employee Russell Ganues that a cave-in might occur on the site. Vic Snyder's employees told Inspector Miller that they would not go in the hole. (Deposition of Russell Ganues, R.R. 45a). Inspector Miller was also at the site on September 23, 1988, by which time the hole was already thirteen feet deep. Vic Snyder's crew reassured Inspector Miller that they would not go in the hole. (Deposition of Russell Ganues, R.R. 51a). David Andrews, an employee of Vic Snyder, testified that Inspector Miller was also at the excavation site on September 30, 1988, the day the cave-in occurred. (Deposition of David Andrews, R.R. 32a).

The sides of the excavation were not shored. The Occupational Safety and Health Administration guidelines provide that the sides of trenches, five feet or more in depth, shall be shored. Section 8–401 of the Philadelphia Code authorizes the Department of Licenses and Inspections to issue stop work orders for any plumbing work that is dangerous or unsafe.

## RELEVANT PROCEDURAL HISTORY

Santori filed a complaint on December 12, 1988. The City filed an answer and new matter on May 8, 1989, in which it raised the defense of governmental immunity, pursuant to Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542.

During discovery, the City was uncooperative in producing two inspectors for deposition. Consequently, an order was entered on July 23, 1990 that required the City to produce the inspectors within twenty days. The order further provided

that if the City failed to comply, it would be precluded from entering a defense to Santori's claim. The City did not produce the inspectors for deposition.

On May 14, 1993, the City filed a motion for summary judgment. Following oral argument on May 28, 1993, the trial court issued an order granting summary judgment for the City.

## ISSUES

On appeal Santori raises the following two issues: (1) when a City inspector visits a construction site, but fails to issue a stop work order after noticing a dangerous and unsafe condition, does the City exercise requisite control to be held liable under the real estate exception to governmental immunity found in Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3); and (2) does a sanction order that precludes the City from entering a defense prevent the City from contesting that it is not liable under an exception to governmental immunity?

## SUMMARY JUDGMENT

■ Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993).

Pa.R.C.P. 1035 provides:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in

character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

An entry of summary judgment may only be granted in cases where the right is clear and free from doubt. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). When considering a motion for summary judgment, the record must be examined in the light most favorable to the nonmoving party. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989).

## GOVERNMENTAL IMMUNITY

■ The Philadelphia Code, Title 8, authorizes the Department of Licenses and Inspections to issue stop work orders for any plumbing work which is dangerous or unsafe. When such an order is given, all work must stop and the premises must be vacated. Santori argues that in this case, the City was under a duty to issue a stop work order because its inspector, who had been at the work site at least three times, had actual knowledge of the existence of a perilous situation. Santori further argues that because of the City's exercise of its duties under the Plumbing Code, the real estate in question was under the care, custody or control of the City Inspector. Therefore, Santori concludes that the following provisions of Section 8542 (Exceptions to governmental immunity) apply:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

\*     \*     \*     \*     \*     \*

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency....

42 Pa.C.S. § 8542(b)(3).

We disagree with Santori's conclusion. In *Kline v. Pennsylvania Mines Corporation*, 120 Pa.Commonwealth Ct. 7, 547

A.2d 1276 (1988), mine workers and mine workers' estates brought an action against the Department of Environmental Resources (DER) for personal injury and wrongful death because of a mine explosion. Plaintiffs averred that DER failed to perform its statutory obligation of insuring mine safety and that it failed to close the mine despite knowledge that it posed an immediate danger. The trial court granted DER's motion for judgment on the pleadings because plaintiffs had failed to allege circumstances falling within the exception to sovereign immunity regarding the care, custody and control of real property, 42 Pa.C.S. § 8522(b)(3). On appeal, this court held that DER's regulatory enforcement powers did not give it direct control over the mine for purposes of Section 8522(b)(3).[1]

We reached a similar conclusion in *CSX Transportation, Inc. v. Franty Construction*, 157 Pa.Commonwealth Ct. 620, 630 A.2d 932 (1993), where plaintiff alleged in its complaint that DER failed to regulate mining and reclamation activities that took place on privately owned property. We found that licensing, inspection and regulation of a strip mine are not the equivalent to actual control of a strip mine operation or reclamation. Therefore, we concluded that CSX had failed to state a claim against DER that fell within the real estate exception to sovereign immunity.

Accordingly, we agree with the trial court that Santori failed to establish that her claim falls within the real estate exception to governmental immunity.

## SANCTION ORDER

■ During discovery, the City was uncooperative in producing two of its employees for deposition. Consequently, the Honorable Bernard Avellino entered an order that states in relevant part:

AND NOW, this 23 day of July, 1990, it is hereby ordered that defendant, City of Philadelphia, produce its employees,

---

1. In *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), the Supreme Court affirmed the similarities of the governmental and sovereign immunity sections that pertain to real property.

George Miller and Thomas Van Horn for deposition. Said witnesses shall be produced within 20 days. Upon failure of defendant to produce said witnesses for deposition, defendant shall be precluded from entering a defense to plaintiff's claim against it.

Because the City failed to comply with this order, Santori argues that the City is precluded from maintaining that her claim does not fall within the real property exception to governmental immunity. We disagree.

A claimant seeking to impose liability on a local agency has the burden of establishing (1) that a common law or statutory cause of action exists against the local agency as a result of a negligent act of that agency or its employee acting within the scope of his employment, 42 Pa.C.S. § 8542(a), and (2) that the negligent act falls within one of the eight exceptions enumerated in subsection 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b). *City of Philadelphia v. Glim*, 149 Pa.Commonwealth Ct. 491, 613 A.2d 613 (1992). We agree with the trial court that Judge Avellino's order precludes the City from offering any evidence at trial, but it does not relieve Santori from her burden to prove that her claim falls within the real property exception to governmental immunity. Furthermore, to interpret Judge Avellino's order as requiring the waiver of the defense of governmental immunity as a discovery sanction is contrary to our Supreme Court's holding that the defense of immunity cannot be waived. *Tulewicz v. SEPTA*, 529 Pa. 588, 606 A.2d 427 (1992).

Because there was no genuine issue of material fact, and Santori did not carry her burden of establishing that her claim falls within the real estate exception to governmental immunity, the order of the trial court that granted summary judgment in favor of the City is affirmed.

## ORDER

AND NOW, July 6, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.