Ethelyn **TAYLOR, Administratrix of the Estate of the deceased, Harold Herbert Taylor, Jr. and Marilyn Bond, Appellants,**

v.

**CITY OF PHILADELPHIA, City of Philadelphia Police Officer Carl Rone, Badge # 2252, City of Philadelphia Police Officer Nellon White, Badge # 2988, Clifford Skinner, State Correctional Institution at Graterford, Pennsylvania Inmate # BB6855.**

**Ethelyn Taylor, Administratrix of the Estate of Harold Herbert: Taylor, Jr. and Marilyn Bond,**

v.

City of Philadelphia, City of Philadelphia Police Officer Carl Rone, Badge # 2252, City of Philadelphia Police Officer Nellon White, Badge # 2988, Clifford Skinner, State Correctional Institution at Graterford, Pennsylvania Inmate # BB6855 City of Philadelphia, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1997.
Decided April 11, 1997.

Norman R. Segal, Philadelphia, for appellants.

Alan C. Ostrow, Deputy City Solicitor, Philadelphia, for appellees, City of Philadelphia, Carl Rone, and Nellon White.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and LEADBETTER, JJ.

PELLEGRINI, Judge.

Ethelyn Taylor and Marilyn Bond appeal from the decision of the Court of Common Pleas of Philadelphia County (trial court) granting in part the City of Philadelphia's (City) post-trial motions and vacating the default judgment entered by another judge as a discovery sanction. The City cross-appealed from that portion of the order denying its motion for judgment *non obstante veredicto*.

This case arose from an accident caused by a police chase of a suspect. On October 3, 1988, Police Officers Carl Rone and Nellon White initiated a high-speed vehicular chase of Clifford Skinner, who was driving a stolen car. Skinner's vehicle collided with Harold Taylor's vehicle, causing his death and injuries to his passenger, Marilyn Bond.

Ethelyn Taylor filed a wrongful death and survivor action and Marilyn Bond filed a personal injury action (collectively, Taylor)

against the City and the police officers,[1] alleging direct negligence by the City, including the use of an unmarked police car that was not equipped with flashing lights or a siren. The City promptly raised an immunity defense under what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541–8542.[2]

Although the City properly raised its immunity defense, it failed to fully respond to interrogatories or produce documents and failed to comply with orders from the discovery judge (Judge Maier), even after partial counsel fees were imposed. (Orders of the court dated May 21, 1990, August 17, 1990 (including $300 sanction), October 12, 1990, November 30, 1990 (including $300 sanction), and two dated May 7, 1992 (one imposing $600 sanction), Reproduced Record 5a, 6a, 7a, 8a, 9a and 10a). After these repeated failures, which evoked warnings from the judge that continued refusal to comply would result in harsher sanctions, and after the City failed to appear at a hearing on Taylor's motion for enforcement, the trial court entered judgment against the City on the issue of liability and ordered trial on damages only. (R.R. 10a).[3] Judge Maier denied the City's petition for reconsideration of this order.

The matter was assigned for trial on damages before a different judge (Judge Lord). The parties stipulated to the amount of damages, $800,000 (including $300,000 in delay damages), to be assessed and that the City would retain the right to file posttrial motions. (R.R. 16a–17a). The trial court assessed damages pursuant to those stipulated facts, allocating the total between the plaintiffs. (R.R. 14a–15a). The City then filed

post-trial motions raising the issue of whether default judgment could be entered against it due to the non-waivability of the immunity defense.

On post-trial motions, the trial court vacated the sanction of a default judgment imposed by Judge Maier during discovery because it effectuated a waiver of the immunity defense. Judge Lord agreed a sanction against the City was appropriate, but imposed a less severe sanction. He also denied the motion insofar as it requested entry of judgment in favor of the City, holding that immunity did not shield the City as a matter of law, but presented a fact question for the jury. These cross-appeals were filed from that order.

I.

■ Taylor first contends that the City's appeal should be quashed because this action was one submitted to the trial court on a "case stated" basis. They argue that the City failed to timely appeal Judge Lord's order and post-trial motions were inappropriate since there was no trial.[4]

■ To determine whether this appeal is properly before us, we must first assess the accuracy of Taylor's characterization of the procedure utilized as a "case stated". Whether a case proceeds as a case stated or as a trial without a jury upon stipulated facts dramatically affects the rights of the parties to appeal. *Wertz v. Anderson*, 352 Pa. Superior Ct. 572, 576, 508 A.2d 1218, 1220 (1986), *petition for allowance of appeal denied*, 514 Pa. 625, 522 A.2d 51 (1987). Pursuant to a case stated, the court enters a judgment which is final and unappealable, unless the

1. Summary judgement was granted in favor of the police officers on May 6, 1994. Taylor and Bond also included a claim against Skinner which they subsequently discontinued.

2. We note that the City's immunity argument is, at best, only a potential defense in this case. Under the present status of the law, a negligent police chase falls within the vehicle exception to governmental immunity. *Jones v. Chieffo*, 664 A.2d 1091 (Pa.Cmwlth.1995), *petition for allowance of appeal granted*, 544 Pa. 616, 674 A.2d 1077 (1996). The City, however, did not raise in its post-trial motions that it was actually immune

from this action; it merely argued that default judgment could not be entered against it.

3. Judge Maier's May 7, 1992 order stated, in pertinent part:

Judgment is entered against the Defendant City of Philadelphia on the issue of liability and the matter shall proceed to trial for an assessment of damages only.
(R.R. 10a).

4. This issue was raised for the first time on appeal; however, because it is jurisdictional, we will address it.

stipulations expressly reserve the right to an appeal. *Id.* Such an appeal must be taken within 30 days of the judgment without filing post-trial motions. *Miller v. Kramer,* 424 Pa. Superior Ct. 48, 51, 621 A.2d 1033, 1035 (1993). By contrast, where there is a trial without a jury upon stipulated facts submitted for the decision of the court, a party must file post-trial motions pursuant to Pa. R.C.P. No. 227.1(c) in order to preserve any right to appeal. *Id.* at 50, 621 A.2d at 1034. The issue then is whether the stipulation of facts was submitted to the trial court for a decision, which is subject to post-trial motions, or for an entry of final judgment.

■ Pennsylvania courts consider several factors in making such a determination: (1) the intent of the parties; (2) the parties' instructions to the trial court; and (3) the form of order or judgment entered by the trial court. *Id.* at 51, 621 A.2d at 1035. Absent a specific agreement that a judgment be entered pursuant to the stipulation, a case stated will not be found. *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Cmwlth. 350, 417 A.2d 864, 866 (1980).

■ In the case at bar, the parties stipulated as follows: "After that Order is entered of record, the City may file a motion for post-trial relief on the judgment issue, and, if necessary, an appeal may be taken to Commonwealth Court." (R.R. 16a). This language clearly indicates the parties' intention that the court merely enter a decision pursuant to stipulated facts rather than a judgment pursuant to a case stated. Moreover, the court entered an order, not a judgment, (R.R. 14a–15a), and subsequently, entertained, without objection from Taylor, the post-trial motions. Accordingly, the trial court's order was not a final order divesting it of jurisdiction to entertain and rule on the posttrial motions.

## II.

■ Taylor also contends that Judge Lord did not have the authority to vacate Judge Maier's order entering default judgment. They argue that as a judge of coordinate jurisdiction, Judge Lord lacked authori-

ty to alter the previously entered ruling. Judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. *Commonwealth v. Starr,* 541 Pa. 564, 573, 664 A.2d 1326, 1331 (1995). The primary purpose of the rules is "to ensure fundamental fairness in the justice system by preventing a party aggrieved by one judge's interlocutory order to attack that decision by seeking and securing relief from a different judge of the same court". *Id.* at 575, 664 A.2d at 1332.

■ However, this principle is inapplicable to a judge ruling on post-trial motions. *See Commonwealth v. Oakes,* 481 Pa. 343, 392 A.2d 1324 (1978). The purpose of post-trial motions is to promote judicial economy by offering the trial court the initial opportunity to correct error before burdening the appellate courts. *In re Smith,* 393 Pa. Superior Ct. 39, 49, 573 A.2d 1077, 1081 (1990). Moreover, litigants must raise all allegations of error on post-trial motions or they will be deemed waived on appeal. *Bryant v. Girard Bank,* 358 Pa. Superior Ct. 335, 344, 517 A.2d 968, 973 (1986). Necessarily then, the judge assigned to hear such motions must be able to decide them, even where (as is commonplace in large urban judicial districts) the challenged rulings have been made by several different judges of the same court. Accordingly, Judge Lord properly entertained and decided the City's post-trial motion.

## III.

Taylor next contends that Judge Lord erred in overruling the discovery sanction imposed by Judge Maier, default judgment, because it was a reasonable and necessary discovery sanction. Judge Lord vacated the default judgment, not because he felt it an unreasonable sanction, but because he determined that the trial court has no authority to impose a sanction that deprives a party of a non-waivable defense. Adopting Judge Lord's reasoning and not challenging the reasonableness of the sanction, the City argues that because the defense of immunity is non-waivable, sanctions cannot be imposed that would take away that defense. It submits that any less severe sanction would be within the trial court's authority.

In *In re Upset Sale*, 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989), the Supreme Court stated:

> Defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable, *LeFlar v. Gulf Creek Industrial Park*, 511 Pa. 574, 515 A.2d 875 (1986),[5] nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *Wilson v. Philadelphia Housing Authority*, 517 Pa. 318, 536 A.2d 337 (1988). (Footnote added).

As a result, a governmental party is permitted to raise immunity at any time in the process, even at the appellate stage, because the defense is non-waivable. *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 606 A.2d 427 (1992); *Hough v. Commonwealth, Department of Transportation*, 155 Pa.Cmwlth. 162, 624 A.2d 780, *petition for allowance of appeal denied*, 538 Pa. 613, 645 A.2d 1316 (1993).[6]

However, the concept that immunity can never be waived does not extend to conduct affecting the efficient operation of the judicial system. In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed*, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982), our Supreme Court addressed the purpose of delay damages under Pa. R.C.P. No. 238 determining that it is to contribute to the orderly and efficient administration of justice by prompting meaningful negotiations and encouraging pre-trial settlements. Holding that delay damages are procedural in nature, the Court stated the fact that a rule may touch upon substantive rights of the litigants does not mean that it is a substantive rule. Subsequently, the Supreme Court decided that Rule 238 delay damages apply to governmental bodies, even though the preamble to the Tort Claims Act states that no pre-judgment interest can be awarded against local governments. *Pivirotto v. City of Pittsburgh*, 515 Pa. 246, 528 A.2d 125 (1987).

Like Rule 238 delay damages, sanctions imposed under Pa. R.C.P. No. 4019,[7] such as in this case, are procedural in nature because the purpose of such sanctions is the prompt completion of discovery. That the specific sanction imposed here, after other sanctions failed to prompt the City to properly respond, touches on the City's substantive right does not eliminate the procedural nature of the action and does not result in the "waiver" of the defense. Because the

---

5. *LeFlar* held that in a common law tort action in negligence against an employer, the Worker's Compensation Act is not an affirmative defense which may be waived if not timely pled.

6. After the Supreme Court's decision in *Tulewicz*, this court decided *Santori v. Snyder*, 165 Pa. Cmwlth. 505, 645 A.2d 443, 447 (1994) which stated in dicta:

> Furthermore, to interpret [the discovery judge's] order as requiring the waiver of the defense of governmental immunity as a discovery sanction is contrary to our Supreme Court's holding that the defense of immunity cannot be waived. Tulewicz ...

Moreover, *Santori* is distinguishable from this case. In that case, the plaintiff was arguing on appeal that the City was precluded from maintaining that her claim does not fall within an exception to governmental immunity. As held by this court, it was plaintiff's burden to prove that her claim fell within the exception and, even though the City was precluded from offering evidence at trial on its defense, it could still argue that she did not meet her burden. The statement in *Santori* that the order contradicted the Supreme Court's holding that the immunity defense cannot be waived was not the basis of the decision and is dicta.

7. Pa. R.C.P. No. 4019 provides:

> (a)(1) The court may, on motion, make an appropriate order if
>
> ...
>
> (iii) a person ... fails to answer, answer sufficiently or object to written interrogatories ...
>
> ...
>
> (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
>
> ...
>
> (c) The court, when acting under subdivision (a) of this rule, may make
>
> ...
>
> (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party ...
>
> ...
>
> (5) such order with regard to the failure to make discovery as is just.

sanction of default judgment did not effect a waiver of the defense, Judge Maier acted within his authority by entering default judgment against the City.[8]

Accordingly, we vacate the trial court's order vacating the default judgment against the City and will enter judgment in accordance with the parties' stipulation as to damages. The City's cross-appeal is dismissed as moot.

### ORDER

AND NOW, this 11th day of April, 1997, the order of the Court of Common Pleas of Philadelphia County, dated November 27, 1995, No. 4772 December Term 1989, is vacated. Judgment is entered against the City of Philadelphia in the amount of $800,000, allocated as stated in the stipulation between the parties dated January 12, 1995. The appeal filed at 828 C.D.1996 is dismissed as moot.

SMITH, Judge, concurring and dissenting.

While I concur in the Majority's resolution of questions surrounding the City of Philadelphia's right to file for post-trial relief and the authority of Judge Lord to vacate Judge Maier's default judgment order against the City, I flatly disagree that Judge Lord's order vacating the default judgment should be reversed. Relying upon *Laudenberger v. Port Authority of Allegheny County*, 496 Pa.

52, 436 A.2d 147 (1981), *appeal dismissed,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982), the Majority reaches the broad conclusion that even though the sanction imposed by Judge Maier touches upon the City's substantive right, this element does not eliminate the procedural nature of the judge's action and therefore does not result in a waiver of the City's governmental immunity defense to Appellants' lawsuit.[1] Op. at 313.

*Laudenberger* involved the question of the constitutionality of Rule 238 delay damages, where the Supreme Court plainly acknowledged that Rule 238 incorporated procedural and substantive elements. The Supreme Court nonetheless dispelled any notion that it intended to promulgate rules that contravened the constitutional prohibition against abridging, enlarging or modifying substantive rights, and it protected the Court's right to engage in rule-making so long as its purpose was to promote the orderly and efficient administration of justice. Somehow the Majority has extracted from *Laudenberger* the false premise that the non-waivability of immunity concept may not be extended to conduct by the courts that affects the efficient operation of the judicial system.

The Majority holds that because the sanction did not effect a waiver of the City's defense, a substantive right, Judge Maier

---

**8.** A judgment by default may be entered against a disobedient party as a sanction for failure to respond adequately to discovery requests. *Fox v. Gabler,* 534 Pa. 185, 626 A.2d 1141 (1993); Pa. R.C.P. No. 4019.

> The purpose of Rule 4019 is to ensure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the rules of civil procedure. The imposition of specific sanctions under the Rule is within the discretion of the trial court. The trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties.
>
> A court may properly enter a judgment of non pros [or default] when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party.

*Poulos v. Department of Transportation,* 133 Pa. Cmwlth. 322, 575 A.2d 967, 969 (1990) (citations

omitted). *See also Sun Pipe Line Company v. Tri–State Telecommunications, Inc.,* 440 Pa. Superior Ct. 47, 655 A.2d 112 (1994), *petition for allowance of appeal denied,* 542 Pa. 673, 668 A.2d 1136 (1995) (appellate courts defer to the trial court's assessment that the failure to comply with discovery warrants the sanctions imposed). The City does not assert that the sanction is unreasonable either because it has a compelling reason for the delay and refusal to comply or because the delay caused no prejudice to the plaintiffs.

**1.** Laws that create duties or establish rights and responsibilities are substantive in nature and those that prescribe the manner or procedure by which duties, rights or responsibilities are exercised or enforced are procedural in nature. *Bortulin v. Harley–Davidson Motor Co., Inc.,* 115 Pa.Cmwlth. 42, 539 A.2d 906, *appeals denied,* 520 Pa. 619, 554 A.2d 511, and 521 Pa. 606, 555 A.2d 116 (1988).

was authorized to enter the default judgment. However, the order entered by Judge Maier may not be characterized as procedural; it did much more than merely touch upon the City's substantive rights. The sanction order had the effect of a waiver of a substantive right granted to the City by the legislature, and neither the trial court nor this Court may extinguish, modify or otherwise reduce that right.

The broad conclusions and the holding of the Majority are further contradicted by a decision of this Court in *Santori v. Snyder*, 165 Pa.Cmwlth. 505, 645 A.2d 443 (1994). In *Santori* the City raised a governmental immunity defense to a lawsuit filed by the Estate of John Santori as a result of fatal injuries he suffered from a cave-in at a construction site while working at an excavation repairing sewer lines on Roosevelt Boulevard in Philadelphia. The plaintiff asserted liability against the City under the real property exception to immunity, purportedly arising out of the City's failure to act despite its knowledge of a dangerous and unsafe condition at the construction site. The City filed its answer and new matter and raised the defense of governmental immunity pursuant to Section 8542 of the Judicial Code, *as amended,* 42 Pa.C.S. § 8542.

Because of the City's failure in *Santori* to produce certain witnesses for deposition, the trial court, per Avellino, J., ordered the City to produce the witnesses within twenty days or suffer the sanction of preclusion from entering a defense to the lawsuit. The City failed to comply with the discovery order and instead sought summary judgment, which was granted by Judge Lord. On appeal of the summary judgment order to this Court, Santori argued that the sanction order that precluded the City from entering a defense to the claim prevented the City from contesting that Santori's claim does not fall within any of the exceptions to governmental immunity.

This Court rejected Santori's argument, based upon the well-established principle that a claimant seeking to impose liability on a local agency must carry the burden of establishing the requirements of 42 Pa.C.S.

§ 8542(a) and (b). "Furthermore, to interpret Judge Avellino's order as requiring the waiver of the defense of governmental immunity as a discovery sanction is contrary to our Supreme Court's holding that the defense of immunity cannot be waived. *Tulewicz v. SEPTA,* 529 Pa. 588, 606 A.2d 427 (1992)." *Santori,* 645 A.2d at 447.[2] I believe that *Santori* unequivocally resolves the critical issue in this case. The trial court may not issue a discovery sanction that effectuates a waiver of the City's governmental immunity defense. The order of Judge Lord in the case sub judice was legally sound and correct, and there is no basis nor justification for this Court's reversal of that order.

LEADBETTER, Judge, concurring and dissenting.

I join in the concurring and dissenting opinion of Judge Smith in this matter, and write separately to explain the basis of my disagreement with the majority's interpretation of *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), *appeal dismissed,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982) and *Pivirotto v. City of Pittsburgh,* 515 Pa. 246, 528 A.2d 125 (1987).

As has been noted, our Supreme Court has declared that the defense of immunity is an absolute defense of the government entity which may not be precluded or deemed waived because of the litigation conduct of its counsel. *In re Upset Sale,* 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989); *Tulewicz v. SEPTA,* 529 Pa. 588, 593–94, 606 A.2d 427, 429–30 (1992). As Judge Smith points out, these decisions were followed by our court in an appeal indistinguishable in relevant particulars from this case. *Santori v. Snyder,* 165 Pa.Cmwlth. 505, 645 A.2d 443 (1994). Nonetheless, the majority finds these cases inapplicable, drawing from *Laudenberger* and *Pivirotto* the conclusion that the *Upset Sale* doctrine does not apply to rulings that are "procedural in nature" or to conduct "affecting the efficient operation of the judicial system." I disagree.

*Upset Sale* involved the rule incorporated in Pa. R.A.P. 302 that: "[i]ssues not raised in

---

**2.** *See In re Upset Sale of Properties (Skibo),* 522 Pa. 230, 560 A.2d 1388 (1989) (the non-waivability of protections afforded by governmental immunity legislation upheld).

the lower court are waived and cannot be raised for the first time on appeal." The Supreme Court noted:

> [A] governmental agency cannot be put at the mercy of negligent or agreed waiver by counsel of a substantive right designed to protect its very existence.... Defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable. *LeFlar v. Gulf Creek Industrial Park,* 511 Pa. 574, 515 A.2d 875 (1986), nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature.

522 Pa. at 230, 560 A.2d at 1389.

Clearly, Rule 302 is both "procedural in nature" and related to "the efficient operation of the judicial system," and yet was determined to be ineffective where its application to the conduct of government counsel deprived the governmental entity of its immunity defense. In this regard, I can discern no meaningful distinction between Appellate Rule 302 and Civil Rule 4019 involved here. If anything, Rule 4019 should have less power to override the immunity defense, since default is only one of a number of *permissible* sanctions the court may impose for discovery abuse while Rule 302 is by its terms *mandatory.*

Thus, I do not believe that *Laudenberger* and its progeny, *as construed by the majority,* can be reconciled with *Upset Sale.* The answer, however, is not that *Upset Sale* is inconsistent with *Laudenberger* and *Pivirotto,* but that the majority has misconstrued the reach of the latter cases. *Laudenberger* was a broad based constitutional challenge to Pa. R.C.P. 238, providing for delay damages. In an extensive analysis, the court discussed its authority to promulgate procedural rules, and held that although the rule affected substantive rights, it was essentially procedural in nature and thus, did not exceed the court's constitutional rulemaking power. 496 Pa. at 55–67, 436 A.2d at 149–55. The immunity doctrine was not discussed. Later, in *Pivirotto,* the court was faced with the argument that the delay damage rule was inconsistent with that section of the Tort Claims Act[1]

which provides that, "No interest shall accrue in any [action against a local agency] prior to any entry of judgment." The court held:

> The power to promulgate procedural rules governing business in the courts rests exclusively in the judiciary, PA. CONST. Art. V, § 10(c). The same constitutional provision suspends the operation of statutes which are *inconsistent* with procedural rules promulgated by this Court. Thus, Section 333 cannot save the city from the requirement to pay delay damages under Rule 238, and we reject the argument that the city is immune from payment of delay damages.

515 Pa. at 255, 528 A.2d at 130. (Emphasis added). Nothing in *Pivirotto* can be read to suggest more than the constitutional principle that "[t]he Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts.... All laws shall be suspended *to the extent that they are inconsistent* with rules prescribed under these provisions." PA. CONST. Art. V, § 10(c). (Emphasis added).

When understood in this light, *Laudenberger/Pivirotto* are not in conflict with *Upset Sale,* and clearly do not control the present case. Neither Pa. R.A.P. 302 nor Pa. R.C.P. 4019 are in any way *inconsistent* with the Tort Claims Act, and thus they cannot be deemed to suspend its provisions. The majority's attempt to read *Laudenberger* to hold that any judicial ruling which may be deemed procedural or which is authorized by a procedural rule may abrogate the statutory grant of immunity is simply without authority. Plainly, nothing in *Laudenberger/Pivirotto,* nor in the constitutional provision upon which they are grounded, dictates such a result. Thus, I conclude that Judge Lord correctly applied the *Upset Sale* doctrine to the present case, and should be affirmed.

DOYLE and SMITH, JJ., *join in this* concurring and dissenting opinion.

---

1. 42 Pa.C.S. §§ 8541–8542.