### Galante v. Damiani

C.P. of Monroe County, no. 827 Civil 1999.

*Kevin P. Foley,* for plaintiff.

*Joanne Kelhart,* for defendant.

CHESLOCK, *J.,* September 21, 1999—Plaintiff commenced this action by filing a complaint on February 4, 1999 to recover damages for personal injuries sustained in a motor vehicle accident. On March 7, 1997, plaintiff was stopped in a line of traffic on Chipperfield Drive, heading toward Route 611 in Stroudsburg, Monroe County, Pennsylvania. Plaintiff's vehicle was rear-ended by a vehicle operated by defendant Barbara Damiani,[1] who alleges that she was stopped in the same lane of traffic when her vehicle was rear-ended by a vehicle operated by defendant Smith. Defendant Smith's vehicle pushed defendant Damiani's vehicle into the plaintiff's vehicle.

On March 19, 1999, defendant Smith filed an answer and new matter to plaintiff's complaint. Plaintiff filed an answer to defendant's new matter on March 23, 1999. Plaintiff served interrogatories and requests for production of documents on the defendant. Defendant served incomplete responses. As a result, on May 12, 1999, plaintiff filed a motion to compel defendant to provide full and complete discovery. Plaintiff filed a motion to make the rule absolute on June 18, 1999. On June 21, 1999, this court entered an order requiring the defendant to provide full and complete answers to plaintiff's interrogatories and document requests. In July, plaintiff issued subpoenas to Dawn Migliacci, an Erie Insurance claims adjuster, and the records custodian of Erie Insur-

---

1. This opinion deals with issues between the plaintiff and defendant Smith only. No further mention of defendant Damiani will be made.

ance Group. On August 2, 1999, plaintiff filed a motion to compel discovery and/or sanctions and attorneys' fees and costs. Defendant filed an answer to the rule to show cause for the compelling of discovery on August 20, 1999. In addition, defendant filed a motion to quash subpoenas on July 23, 1999 and a brief in support thereof on August 24, 1999. On July 28, plaintiff filed an answer to defendant's motion to quash subpoenas. Plaintiff filed a brief in opposition of the motion to quash on September 1, 1999. Oral argument was heard before this court on September 7, 1999. We are now ready to dispose of the outstanding motions.

In this matter, there is mutual distrust and a blatant struggle between opposing counsel on numerous issues. First, plaintiff argues that defendant has deliberately failed to provide all of the discovery as ordered by this court, including witness statements, photographs, claims adjuster's activity logs and the declaration page in effect at the time of the accident. Plaintiff goes so far as to state that defendant is intentionally withholding such items "in an attempt to concoct a sham defense at trial." Defendant's response to interrogatories specifically refers to an insurance declaration page that has not been produced. On this basis, the plaintiff believes that the defendant is withholding other documents that have been requested. In addition, based on defendant Damiani's deposition testimony,[2] plaintiff believes that defendant

2. Defendant Damiani testified: "I believe the Erie Insurance Company called me on the phone sometime after the accident, long time after the accident. I don't even remember when it was. Somebody from Erie Insurance called me and taped my conversation with them." (See deposition transcript of Barbara Ann Damiani, July 29, 1999 at p. 12.)

is in possession of additional tape-recorded "statements." Furthermore, defendant has given pictures of two of the three vehicles involved in the accident to plaintiff. Plaintiff insists that a picture of the third vehicle must be in existence and defense counsel is withholding it.

Defense counsel has stated numerous times that such evidence does not exist and therefore cannot be produced:

"(1) I know what your problem is. *You think that something has been withheld from you and its [sic] hasn't.* There are documents that have been provided to you. We are going to argue about that in court, I guess, if you think, for some reason, you haven't been provided with those things." (See deposition of David K. Smith Jr., July 28, 1999, pp. 9-10.) (emphasis added)

"(2) *There are no statements.*" (See deposition of David K. Smith Jr., July 28, 1999, p. 13.) (emphasis added)

"(3) Plaintiff is seeking sanctions against the defendant for *information that quite simply does not exist.*" (See defendant's brief in opposition to the motion for sanctions.) (emphasis added)

In addition, defense counsel, during oral argument, expressly told this court that such information does not exist. Furthermore, in a sworn affidavit, Dawn Migliacci states:

"I have provided and have searched for all statements handwritten, tape-recorded or otherwise and have determined that *there are no such statements missing of any of the parties to the action as set forth above.*" (See affidavit, dated August 19, 1999, ¶3.) (emphasis added)

"*Copies of any and all photographs,* the place where same were involved in the accident have been provided to defense counsel and *have been forwarded to plaintiff's counsel.*" (See affidavit, dated August 19, 1999, ¶4.)

"I have requested a copy of the declaration page and attach the following to my affidavit of the available coverage for David K. Smith." (See affidavit, dated August 19, 1999, ¶6.)

Second, plaintiff contends that defendant failed to respond to plaintiff's inquiries regarding the taking of defendant Smith's deposition. Plaintiff also contends that defendant has intentionally attempted to delay these proceedings by ignoring plaintiff's requests for deposition dates and discovery requests. Plaintiff's counsel had unilaterally scheduled depositions on July 28, 1999 because defense counsel allegedly failed to return phone calls or respond to letters regarding such scheduling. Defense counsel claims that plaintiff had knowledge of defense counsel's prior commitments on July 28, 1999.

In addition, plaintiff desires to depose Dawn Migliacci and Erie Insurance Group's record custodian. Defendant is against such depositions. This will be further addressed in this opinion.

Furthermore, we note that plaintiff has not complied with the Monroe County Local Rules of Court in that she has failed to file a brief or memorandum of law setting forth the legal authorities which she has relied upon within fifteen days prior to argument court. (See Monroe County Rules of Civil Procedure ¶¶210 and 211.) In such a case, Rule 211 provides this court with the authority to grant or deny the relief at issue. We have thoroughly reviewed the file and have denied plaintiff's relief on other grounds.

With the above background facts in place, we will discuss each motion separately.

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff asks this court to enter an order pursuant to Rule 4019(a)(1)(i), (iii), (vii) and (viii) and Rule 4019(c) of the Pennsylvania Rules of Civil Procedure precluding the defendant from entering any defense at the trial including presenting testimony, cross-examining witnesses or presenting evidence. Rule 4019 sets forth sanctions and allows a court, on motion, to make an appropriate order for sanctions if: (1) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005; (2) a person . . . fails to answer, answer sufficiently or object to written interrogatories under Rule 4004; (3) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested; or (4) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery; (5) etc. Pa.R.C.P. 4019(a)(1)(i), (iii), (vii) and (viii).[3]

Section (c)(2) allows a court to enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition." Pa.R.C.P. 4019(c)(2). In addition, the court may enter any "such order with regard to the failure to make discovery as is just." Pa.R.C.P. 4019(c)(5).

The imposition of sanctions and the severity of sanctions are a matter that falls within the sound discretion

---

3. Rule 4019 sets forth other reasons for the imposition of sanctions. Because plaintiff has not raised these as grounds for sanctions on the facts of this case, they will not be discussed.

of the trial court. *Croydon Plastics Co. Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625 (Pa. Super. 1997); *Taylor v. City of Philadelphia,* 692 A.2d 308 (Pa. Commw. 1997). In exercising its discretion, the court must strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Id.; Poulos v. PennDOT,* 133 Pa. Commw. 322, 575 A.2d 967 (1990).

This action was filed in February. In six months, depositions of two of the defendants and a witness have been taken and documentary discovery has been exchanged. We cannot agree that the defendant has intentionally delayed this matter. In addition, we cannot impose sanctions for failure to comply with discovery requests when the information requested does not exist. Furthermore, plaintiff's counsel has made some serious accusations regarding the defense counsel's alleged concealment of evidence without substantial proof. For the foregoing reasons, we will not impose sanctions against the defendant. Plaintiff's motion for sanctions is denied.

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff contends that she is entitled to reasonable attorney's fees and costs associated with having to bring this matter before the court and/or defend the defendant's motion to quash plaintiff's subpoenas pursuant to Pa.R.C.P. 4019 and/or 42 Pa.C.S. §2503(6) and (7). Pa.R.C.P. 4019 permits the court to grant attorney's fees and expenses for five reasons: (1) failure to make admissions; (2) failure of deposing party to attend deposition; failure of deposing party to subpoena a witness; (4) the granting of a motion for sanctions; and (5) filing a mo-

tion or making an application for the purpose of delay or in bad faith. Pa.R.C.P. 4019(d), (e), (f), (g) and (h). This matter does not fall within any of the above grounds.

Furthermore, pursuant to 42 Pa.C.S. §2503(6) and (7), reasonable counsel fees are awarded as "sanctions against another participant for *dilatory, obdurate or vexatious conduct during the pendency of a matter.*" 42 Pa.C.S. §2503(6) and (7). (emphasis added) We do not believe that defense counsel's actions meet this standard. Plaintiff's motion for attorney's fees and costs is denied.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff asks this court to enter an order compelling the defendant to produce copies of the declaration page in effect at the time of the accident, copies of all photographs, witness statements and claims adjuster's activity logs. Pennsylvania Rule of Civil Procedure 4003.1(a) provides that:

*"[A] party may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, *including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."* Pa.R.C.P. 4003.1(a). (emphasis added)

Moreover, "It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1(b).

It has always been the policy of this court to liberally allow the free exchange of discoverable materials in an effort to expedite litigation and to adhere to the spirit of the discovery rules. However, in this case, defense counsel has stated numerous times in depositions, in her brief in opposition to plaintiff's motion for sanctions, and in oral argument before this court that the information plaintiff requests, such as the photographs and witness statements, does not exist. These are very bold statements for an officer of the court to make if, in fact, such information does exist and is being withheld. We find no reason to believe that defense counsel is being less than truthful regarding the existence of this information. Defense counsel cannot produce information that does not exist and we cannot compel her to do so.[4] Plaintiff's motion to compel is denied.

## DEFENDANT'S MOTION TO QUASH SUBPOENAS

In July of 1999, plaintiff's counsel issued subpoenas and notices of depositions for July 28, 1999. A subpoena was issued to Dawn Migliacci and to the records custodian of records of Erie Insurance Company. Both subpoenas are identical. Ms. Migliacci and the records custodian were not witnesses to the collision.

According to the defendant, Rule 4003.2 sets forth the limitations upon discovery of insurance information:

---

4. The declaration page in effect at the time of the accident has been referred to in the record. In her affidavit, Ms. Migliacci has stated: "I have requested a copy of the declaration page . . . ." Defendant shall promptly turn over a copy of said declaration page to the plaintiff once it has been retrieved, if she has not done so.

"*A party may obtain discovery of the existence and terms of any insurance agreement* under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. *Information concerning the insurance agreement is not by reason of such disclosure admissible in evidence at trial.*" Pa.R.C.P. 4003.2. (emphasis added) Plaintiff is already in possession of such information and thus the depositions are not necessary.

Defendant is misinterpreting the Pennsylvania Rules of Civil Procedure. A party may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action. See Pa.R.C.P. 4003.1, *supra.* Furthermore, Rule 4003.3, pertaining to the scope of discovery of trial preparation material, states that "a party may obtain discovery of any matter discoverable under Rule 4003.1, *supra,* even though prepared in anticipation of litigation or trial by or for another party, or by or for that *other party's representative, including his . . . insurer.* Pa.R.C.P. 4003.3. (emphasis added) A party is not precluded from discovering information in addition to the insurance agreement from an insurance company.

This court has grappled with the decision of whether to allow the depositions. It is apparent that a partial motive of the plaintiff is to verify the representations set forth by defense counsel.[5] Defendant contends that

5. Plaintiff stated: "The deposition of Dawn Migliacci, if nothing else, would verify the accuracy of defendant's counsel's representation to plaintiff's counsel and the court in regards to the accuracy and

plaintiff's need for verification will not lead to the discovery of admissible information. We agree with the defendant on this contention. However, in her capacity as a claims adjuster, Ms. Migliacci conducted an investigation regarding the accident, took photographs and conversed with the plaintiff prior to attorneys being retained. Ms. Migliacci's testimony is relevant to facts surrounding the accident and is calculated to lead to the discovery of admissible evidence.

With regards to the subpoena of the records custodian, "a party may obtain discovery . . . including the existence, description, nature, content, custody, condition and location of any . . . documents . . . ." Pa.R.C.P. 4003.1. The most qualified person to testify regarding such documents is the records custodian. Defendant's motion to quash is denied. Plaintiff has a technical right to depose Ms. Migliacci and the records custodian.

As a final note, this court takes issue with the dynamics between counsel. It is a sad state of affairs when a statement taken under oath, *e.g.* an affidavit, carries no more veracity and reliability than words uttered at a cocktail party. This court finds the lack of trust, cooperation and professional courtesy which has plagued counsel in this case even more disturbing. A courtroom is a place of justice. It should not be transformed into a forum for resolution of personal vendettas between officers of the court.

Accordingly, we enter the following order:

---

complete response for request for production of documents." (See plaintiff's answer to defendant's motion to quash subpoenas, ¶6.)

## ORDER

And now, September 21, 1999, plaintiff's motion for sanctions is denied. Plaintiff's motion for attorney's fees and costs is denied. Plaintiff's motion to compel discovery is denied. Defendant's motion to quash subpoenas is denied.