IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott T. Young, : 
                Appellant : 
               : 
          v. :   No. 1708 C.D. 2014
               :   Submitted: May 29, 2015
The Susquehanna County : 
Commissioners, The Susquehanna : 
County Planning Commission and : 
New Milford Township : 

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                     FILED: September 14, 2015

       Scott T. Young, *pro se*, appeals the order of the Court of Common Pleas of Susquehanna County (trial court) dismissing his complaint against the Susquehanna County Commissioners, Susquehanna County Planning Commission and New Milford Township (collectively, County). Young sought to hold the County liable in damages for closing his campground under the act commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act).[1] The trial court sustained the County's demurrer to the complaint, and we affirm.

       According to Young's complaint, he owned and operated a campground in New Milford Township, Susquehanna County, known as the "Camp at East Lake." In 2004, New Milford Township's Sewage Enforcement

---

[1] 42 Pa. C.S. §§8541-8564.

Officer, Michael Fortuner, allegedly observed a discharge of raw sewage on the ground at the campground. According to Young's complaint, this was false. Amended Complaint, ¶¶7-8; Reproduced Record at 7a (R.R. __). Nevertheless, on the basis of "significant and immediate danger" to the public health, the County obtained an injunction ordering the closure of the campground. Amended Complaint, ¶7; R.R. 7a. Young attempted to work with the Township and Fortuner to resolve the matter, but he was unsuccessful due to the County's alleged inaction. Amended Complaint, ¶¶11-12; R.R. 8a-9a.

On January 13, 2014, Young filed a complaint against the County; the trial court dismissed it without prejudice based upon the County's preliminary objections. Young amended his complaint, which raised four counts against the County: "Contract Violations," "Selective Enforcement," "Due Process," and "Harassment Lacking Good Faith." Amended Complaint, ¶¶15-34; R.R. 9a-20a.

The gravamen of Young's complaint is that the Township acted "with wrongful intent, overzealous prosecution, and malicious behavior" to close his campground; interfered with his contractual obligations to campground patrons; damaged his economic opportunities in interstate commerce; denied him due process; harmed his personal and professional reputation; assassinated his character; denied him freedom of speech; and harassed and intimidated him through selective and discriminatory enforcement of the law. Amended Complaint, ¶6; R.R. 7a.[2] Young alleged that the County's actions caused him to

---

[2] The complaint raises a litany of allegations against the County and its officials. For example, Young alleges that the County, with "vindictive intent and malice," destroyed all the campground road signs, thereby denying him "due process of defense of right to signage and expression of freedom of speech as permitted and contracted with and by PA Dept. of Transportation, Highway Beautification." Amended Complaint, ¶¶18-19; R.R. 10a-11a.

2

suffer mental and emotional anguish, as well as economic and financial harm. As relief, Young requested discharge of a municipal lien against the campground property; damages for the County's removal of the campground road signs and interference with contracts; attorney's fees and punitive damages; and the cessation of abuse of due process.

The County filed preliminary objections demurring to the amended complaint, which the trial court sustained on August 19, 2014. Young now appeals to this Court.

In his appeal,[3] Young raises essentially one question[4] for our review, *i.e.*, whether the trial court erred in holding that Young "failed to raise any issues relating to any acts which may impose liability" under the Tort Claims Act. Trial Court Order, August 19, 2014; R.R. 50a.

Young's amended complaint does not cite the applicable exception to immunity in the Tort Claims Act that allows him to pursue a negligence claim against the County. In his brief, Young argues that

> [the County was] in the possession and control of Plaintiff's personal advertising property structures, municipal agency control of personal real property, directing the exodus of all occupants and vacating the property by employing the county Sheriffs dept., the local agencies working in tandem with a common counselor, maximized their opportunity for damage

---

[3] When reviewing an order granting preliminary objections in the nature of a demurrer, our standard of review is *de novo* and scope of review is plenary. *Balletta v. Spadoni*, 47 A.3d 183, 188 n.2 (Pa. Cmwlth. 2012). We affirm the grant of a demurrer when, based on the facts pled, it is clear that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* We must accept as true all well-pled, material and relevant facts alleged in the complaint and every inference that may be fairly deduced from those facts. *Id.*

[4] Young's Statement of the Questions Involved contains 6 sub-questions, all of which ask whether the actions alleged in the complaint are barred by governmental immunity.

over a 10 year period and still, today refuse to participate in judicial closure of municipal liens, long ago satisfied and equal and fair administration and enforcement of regulations.

Young's Brief at 9 (internal citations omitted). Young contends that the trial court "completely overlooked" the alleged violations of his "rights" by the County, including abuse of due process, selective enforcement of the law, and equal protection violations. *Id.* The County counters that Young does not support his arguments with citations or adequate argument. Furthermore, the County argues that Young did not allege that the County acted negligently, which is a threshold requirement under the Tort Claims Act. The County also contends that the real property exception in 42 Pa. C.S. §8542(b)(3) is inapplicable because Young's alleged "injury" did not relate to government real property.

We begin with a review of the applicable law. The Tort Claims Act generally provides immunity for local agencies and political subdivisions for "any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. §8541. However, the Tort Claims Act waives immunity for certain category of claims. Liability may be imposed if the following two threshold conditions are satisfied:

> (1)    The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2)    The injury was caused by the *negligent acts* of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" *shall not include acts or conduct which constitutes* a crime, actual fraud, *actual malice or willful misconduct*.

4

42 Pa. C.S. §8542(a)(1), (2) (emphasis added).

The plaintiff bears the burden of establishing that a common law or statutory cause of action exists against the local agency or political subdivision as a result of the negligent acts of any agency or subdivision or its employee acting within the scope of his office or duties. *Santori v. Snyder*, 645 A.2d 443, 446-47 (Pa. Cmwlth. 1994). If the plaintiff fails to satisfy this threshold burden, the court is not required to continue the analysis of governmental immunity. If the plaintiff does satisfy this burden, he must then prove that the negligent act falls within one of the eight enumerated exceptions to immunity. *Id.* at 447. It is well settled that the exceptions to immunity are narrowly construed. *Mascaro v. Youth Study Center*, 523 A.2d 1118, 1123 (Pa. 1987). The two exceptions cited by Young provide as follows:

> (b) Acts which may impose liability. – The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> * * *
>
> (2) *Care, custody or control of personal property.-* The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.
>
> (3) *Real property.-* The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

5

42 Pa. C.S. §8542(b)(2), (3).

We agree with the County that Young failed to satisfy the threshold requirement of Section 8542(a)(2) of the Tort Claims Act because he did not allege that his injuries were caused by the negligent acts of the County or its employees. Rather, Young's complaint alleges that County employees acted with "vindictive intent and malice" in interfering with his business and denying him due process. Assuming these allegations are true, they would constitute an intentional tort, not negligence. Because the General Assembly has waived the defense of sovereign immunity only for negligent acts by a political subdivision or its employees, we conclude that Young's complaint did not satisfy the threshold requirement in 42 Pa. C.S. §8542(a)(2) ("As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes … actual malice or willful misconduct"). Therefore, we find that the trial court properly sustained the County's preliminary objections to the amended complaint.

For these reasons, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott T. Young,                              :
                    Appellant               :
                                             :
          v.                                 :     No. 1708 C.D. 2014
                                             :
The Susquehanna County                       :
Commissioners, The Susquehanna               :
County Planning Commission and               :
New Milford Township                         :

# **O R D E R**

AND NOW, this 14th day of September, 2015, the order of the Court of Common Pleas of Susquehanna County dated August 19, 2014, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge